UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE ROTRAMEL <br><br> Plaintiff <br><br> vs. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT LLC <br><br> Defendant | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Dale Rotramel, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Dale Rotramel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Iowa State Collection Practices Act.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a location in this District.

### III. PARTIES

4. Plaintiff, Dale Rotramel, is an adult natural person residing at 250 NE Dartmoor Street, Apartment 5, Waukee, Iowa 50263-9659. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Receivables Performance Management LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Iowa and the Commonwealth of Pennsylvania with an address at 116 Pine Street, Suite 320, Harrisburg, PA 17101 and a primary office located at 20816 44th Ave. W, Lynnwood, WA 98036

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around November, 2010, Plaintiff started to receive collection calls from the Defendant for a debt allegedly owed to HSBC.

8. Plaintiff was told that he owed Defendant approximately $3,344.66.

9. During the first calls, Defendant told Plaintiff that he needed to pay at least 75% of the above debt immediately to avoid being sued.

10. Plaintiff informed Defendant that he had retained personal legal counsel to help in this matter and asked the Defendant to call his attorney directly.

11. Defendant accepted the contact information for the Plaintiff's attorney.

12. However, Defendant called back a few minutes later stating that they would not work with the Plaintiff's attorney.

13. Defendant erroneously informed the Plaintiff that his attorney told the Defendant that this account was at the bottom of the Plaintiff's pile to be paid.

14. Defendant told the Plaintiff that he could be sued if he really intended to put off paying this debt.

15. Defendant demanded that the Plaintiff work with the Defendant personally to settle this account.

16. Plaintiff's attorney insists that it never said such a thing to the Defendant.

17. Before ending the call, Defendant again demanded that Plaintiff pay at least 75% of the account now to avoid legal action being taken against him.

18. Plaintiff continued to receive calls throughout December, 2010 and January, 2011 from Defendant.

19. On or about January 26, 2011, Plaintiff's legal counsel sent a cease and desist letter to the Defendant. **See "EXHIBIT A" (letter) attached hereto**.

20. Defendant continued to call the Plaintiff demanding payment.

21. On or about April 6, 2011, Plaintiff received a call from Defendant looking to find out when the payment would be sent.

22. Plaintiff informed Defendant that a cease and desist letter had been sent out.


23. Defendant told the Plaintiff that it did not matter that he had an attorney the Defendant was still going to get paid.

24. On or about that same day, April 6, 2011, Plaintiff's attorney sent a second cease and desist letter via fax to the Defendant. **See "EXHIBIT B" (letter, fax confirmation) attached hereto**.

25. Plaintiff continued to receive collection calls.

26. On or about April 8, 2011, Defendant called Plaintiff again.

27. Plaintiff reminded Defendant that they had been sent two (2) cease and desist letters and that they were to call his attorney.

28. Defendant's agent abruptly hung-up on the Plaintiff.

29. On or about April 11, 2011, Defendant called the Plaintiff again on this account.

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

31. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

32. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

36. The above paragraphs are hereby incorporated herein by reference.

37. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged the person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representations or means in connection with debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Receivables Performance Management LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF THE IOWA STATE COLLECTION PRACTICES ACT

### 537.7103 Prohibited Practices

39. Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

40. At all relevant times there was in effect the Iowa State Collection Practices Act.

41. The Iowa State Collection Practices Act 537.7103 states that at no time shall a collector oppress, harass or abuse any person in connection with the debt collection or attempted collection of a debt of that person or another.

1. The conduct described in the following is oppressive, harassing or abusive within the meaning of this subsection:

    (a) Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or time known to be inconvenient, with intent to annoy, harass or threaten a person.

42. A debt collector shall not use a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors.

1. The following conduct is fraudulent, deceptive, or misleading within the meaning of this subsection:

(a) An intentional misrepresentation, or a representation which tends to create a false impression of the character, extent, or amount of a debt, or its status in a legal proceeding.

(b) A false representation, or representation which tends to create a false impression about the status, or true nature, or services by, the debt collector or the debt collector's business.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Receivable Performance Management, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

**Date: May 9, 2011**   BY: __/s/ *Brent F. Vullings, Esq.*__
Brent F. Vullings, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff